**Bipin Nagindas PATEL; Sunita Bipin Patel, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74641.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Bipin Nagindas Patel, Fresno, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sunita Bipin Patel, Fresno, CA, pro se.

Alex Bipin Patel, Fresno, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Jason X. Hamilton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Bipin Nagindas Patel, Sunita Bipin Patel and their son, natives and citizens of the United Kingdom, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The record does not compel the conclusion that extraordinary circumstances excused petitioners' untimely filing of their asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, petitioners' asylum claim fails.

Substantial evidence supports the agency's conclusion that the one isolated beating Bipin Patel suffered, and the discrimination and harassment he experienced do

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not compel a finding of past persecution. *See Nagoulko,* 333 F.3d at 1016–18. Further, substantial evidence supports the BIA finding that petitioners did not establish past persecution or a clear probability of future persecution by individuals that the government of the United Kingdom is unwilling or unable to control. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005). Thus, petitioners' withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**